IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARCUS DWAYNE NORMAN | § | |
| VS. | § | CIVIL ACTION NO. 5:08cv41 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Marcus Dwayne Norman, a prisoner at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On February 14, 2004, movant, a convicted felon, was arrested by the Franklin County Sheriff's Department and charged with unlawful possession of a firearm. Movant was sentenced to a term of two years in state confinement for unlawful possession of a firearm, and was transported to a correctional facility on August 12, 2004.

On March 1, 2005, movant was indicted in the Eastern District of Texas for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 1, 2005, movant was sentenced to a term of six years' imprisonment, to run concurrently with the 8th District Court of Franklin County, cause #7559.

Movant served the remainder of his state sentence which ended August 26, 2006. Upon the completion of his state sentence, movant was transferred to federal custody to serve the remainder of his federal sentence. In September 2006, movant received his federal sentence computation and discovered that it did not contain credit toward his federal sentence for time served in state custody

from August 12, 2004 to the date of his federal sentencing on September 1, 2005. The computation does, however, credit movant with the time spent in Henderson County jail before being transferred to the state institution on August 12, 2004, and for the time served in the state institution from the time of his federal sentencing until the end of his state sentence.

## The Motion to Vacate

Movant filed the above-styled motion to vacate, set aside or correct sentence, asserting that he should receive credit for time served in state custody toward the service of his federal sentence. Movant states that his attorney, the prosecutor, and the court agreed that the federal and state terms would run concurrently. However, movant contends his federal sentence is not running fully concurrent with the state term.

## The Response

The government was ordered to show cause why relief should not be granted. In response, the government asserts that the judgment states that the state and federal sentences are to run concurrently, and movant has not received credit from the period from August 12, 2004 to September 1, 2005. The government does not oppose movant receiving credit for the time period in question. The government states that the application of the Sentencing Guidelines and the plain language of the judge's order indicates movant should receive the credit.

## Analysis

Movant asserts that his federal sentence is to run fully concurrent with his state term of incarceration. The judgment in the underlying criminal action, criminal action no. 5:05cr5, *styled United States v. Norman*, supports his conclusion. The judgment states that "[t]his term of imprisonment is to run concurrent with the 8th District Court of Franklin County, cause #7559."

In this case, the judge had discretion to choose a concurrent, partially concurrent, or consecutive sentence. *See* U.S. SENTENCING GUIDELINES MANUAL, § 5G1.3(c). As previously set forth, movant's sentence was ordered to be served concurrent with the undischarged state sentence. Accordingly, the court believes it to be in the interest of justice for movant to receive credit toward his federal sentence for the time served in state confinement from August 12, 2004 to September 1, 2005, the period from state conviction to federal conviction.

## Conclusion

The above-styled motion should be granted to the extent provided in this order. Movant should be given credit toward his federal sentence for the period of time spent in state custody from August 12, 2004 through September 1, 2005. It is therefore

**ORDERED** that the above-styled motion is **GRANTED** to the extent movant shall receive the credit sought toward his sentence. Accordingly, it is

**ORDERED** that movant shall receive credit toward his federal sentence in cause number 5:05cr5 for the period of time spent in state custody from August 12, 2004 through September 1, 2005.

**SIGNED this 19th day of November, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE